UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEAH F. CHAPPELL,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

CASE NO. C16-5847JLR

ORDER REVERSING AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS

## I.    INTRODUCTION

Plaintiff Leah F. Chappell seeks review of the denial of her application for disability insurance and supplemental security income ("SSI") benefits. Ms. Chappell contends that the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence in the record, evaluating Ms. Chappell's testimony, and evaluating the side effects of Ms. Chappell's medications. (Op. Br. (Dkt. # 10) at 1.) Defendant Commissioner Nancy A. Berryhill ("the Commissioner") concedes that the ALJ's decision was not free of legal error and supported by substantial evidence, arguing that the case should be remanded for further administrative proceedings. (Resp. Br. (Dkt. # 17) at 1-2.) Ms. Chappell contends that the case should be remanded for an immediate

ORDER - 1

award of benefits. (Reply Br. (Dkt. # 18) at 1.) Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the court REVERSES the Commissioner's final decision and REMANDS this matter for an immediate award of benefits.

## II. BACKGROUND

On May 29, 2009, Ms. Chappell protectively filed applications for disability insurance and SSI benefits. (Administrative Record ("AR") (Dkt. # 8) at 418.) Ms. Chappell's applications were denied initially and on reconsideration. (*Id.*) After a hearing and an unfavorable decision, Ms. Chappell appealed to this court. (*Id.*) This court reversed and remanded the matter on January 13, 2014, for further administrative proceedings. (*Id.*) After the ALJ conducted another hearing on September 18, 2014, the ALJ issued a decision finding Ms. Chappell not disabled. (*Id.* at 418-48.)

In his decision, the ALJ utilized the five-step disability evaluation process,[1] and the court summarizes the ALJ's findings as follows:

> **Step one**: Ms. Chappell has not engaged in substantial gainful activity since September 1, 2008, the alleged onset date.
>
> **Step two**: Ms. Chappell has the following severe impairments: obsessive compulsive disorder, eating disorder, posttraumatic stress disorder ("PTSD")/panic disorder with agoraphobia/social anxiety/anxiety, borderline personality disorder, depression, obesity, varicose veins, and sprained ankle.
>
> **Step three**: Ms. Chappell does not have an impairment or combination of impairments that meets or equals the requirements of a listed impairment.[2]

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

**RFC**: Ms. Chappell has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), meaning she can lift 50 pounds occasionally and 25 pounds frequently. She can stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. She cannot be exposed to unprotected heights secondary to panic and prescribed medications. She can perform simple routine tasks as defined by the content and scope of reasoning level two. She can have no interaction with the public; however, incidental interaction is acceptable. She can have no greater than occasional interaction with coworkers and cannot perform tandem tasks.

**Step four**: Ms. Chappell is unable to perform any past relevant work.

**Step five**: Because jobs exist in significant numbers in the national economy that Ms. Chappell can perform, she is not disabled.

(*See id.* at 418-48.) The Appeals Council denied Ms. Chappell's request for review, making the ALJ's decision the Commissioner's final decision.[3] (*See id.* at 400-03.)

### III. ANALYSIS

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir.

---

[3] The court omits the rest of the procedural history in this matter because it is not relevant to the outcome.

ORDER - 3

2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *see also McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the Commissioner concedes that the first element is met, as the ALJ failed to provide legally sufficient reasons for rejecting Ms. Chappell's evidence.[4] (*See* Resp. Br. at 1-2.)

Next, there are no outstanding issues that must be resolved. The treating physicians in the record agreed that Ms. Chappell suffered from severe personality disorder, depressive disorder, panic disorder, and PTSD, resulting in serious symptoms or impairment in social, occupational, or school functioning. (*See* AR at 318, 345.) The examining physicians' opinions that the ALJ improperly discounted each stated that Ms. Chappell would have marked limitations responding appropriately to and tolerating the pressures and expectations of a normal work setting, among several other severe and marked limitations in social functioning. (*See id.* at 441-44.)

Finally, crediting the improperly discounted opinions as true, Ms. Chappell must be found disabled. The vocational expert testified that someone who could not maintain

---

[4] The Commissioner fails to specify which particular errors the Commissioner concedes that the ALJ committed, stating only that the Commissioner "determined that the record should be re-evaluated." (*See* Resp. Br. at 2.)

appropriate behavior interacting with others in the workplace would not be able to maintain employment. (*See id.* at 540.) Likewise, the vocational expert in the first hearing testified that a person with the marked limitations to which examining psychologist Daniel Neims, Psy.D., opined would not be able to maintain employment. (*See id.* at 61-62.) Furthermore, Social Security Ruling ("SSR") 96-9p states that even unskilled work requires responding appropriately to supervision, coworkers, and usual work situations, and that a substantial loss of one of those abilities would justify a finding of disability. *See* SSR 96-9p, 1996 WL 374185, at *9.

Accordingly, the court finds that the record has been fully developed in this case, and that remanding for further proceedings "would serve no further purpose." *Smolen*, 80 F.3d at 1292; *Holohan*, 246 F.3d at 1210. The Commissioner argues only that "the ALJ identified activities, friendships, and medical records which [sic] cast doubt on the extent of [Ms. Chappell's] admittedly severe limitations." (*See* Resp. Br. at 3.) The Commissioner fails to argue the point with any further specificity. (*See id.*) Here, allowing the Commissioner to decide these issues again "would create an unfair 'heads, we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings"). Because review of the record as a whole does not create serious doubt that Ms. Chappell is disabled, the court remands the


ORDER - 5

case for an immediate award of benefits.

## IV. CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for an immediate award of benefits.

DATED this 27th day of April, 2017.

JAMES L. ROBART
United States District Judge